(No. 3890—)

SUNFLOWER PETROLEUM PRODUCTS CORPORATION, ET AL., Claimants, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed April 17, 1945.*

BROWN, HAY & STEPHENS, for claimants.

GEORGE F. BARRETT, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for respondent.

ECKERT, J.

The Illinois General Assembly, at its 1941 regular session, passed an Act entitled, "An Act in relation to a tax upon persons engaged in the business of producing oil in this state, and providing for the collection and payment of the tax by persons handling or receiving the oil so produced," commonly known as the Oil Production Tax Act. It became effective July 1, 1941, and was administered by the Department of Finance (subsequently the Department of Revenue). The Department promulgated rules and regulations and determined what products fell within the definition of "oil" as provided in

Section 1. The Act was held unconstitutional and invalid in its entirety by the Illinois Supreme Court on March 21, 1944. (*Ohio Oil Co.* vs. *Wright,* 386 Ill. 206.)

The claimant, the Sunflower Petroleum Products Corporation, is an Illinois corporation formed by the merger, on March 30, 1943, of the Sunflower Natural Gasoline Company, and the Sunflower Gasoline Corporation. The name of the Sunflower Gasoline Corporation was changed, after the merger, to that of Sunflower Petroleum Products Corporation, and the latter company thus became the owner of all the assets of both the Sunflower Natural Gasoline Company and the Sunflower Gasoline Corporation, as well as subject to all the liabilities of the two corporations.

From the effective date of the Oil Production Tax Act, the Sunflower Petroleum Products Corporation, or one of its corporate predecessors, has been engaged in the manufacture of various products from casinghead gas. The Department of Finance ruled that the "producers" subject to tax under the Act, were the persons who owned interests in the casinghead gas at the time it came out of the oil wells; that the Sunflower Petroleum Products Corporation was a "receiver" as the term was defined by the Act; and that as such "receiver" it was required to collect the tax imposed by the Act from the persons from whom it purchased the casinghead gas.

In its complaint, the Sunflower Petroleum Products Corporation alleges that because of the rulings of the Department of Finance, and to avoid the severe penalties provided by the Act, the corporation, or its corporate predecessors, applied for, and were licensed and qualified, to act as receiver under certificates issued by the Department, and that in accordance with the rules and regulations, and to avoid the penalties, it withheld each

month, from the amounts payable to the owners for the casinghead gas which it purchased, an amount equal to the oil production tax as determined by the rules of the Department. Paragraphs 18 and 19 of the complaint are as follows:

"18. Said taxes so illegally collected by said Department of Finance and said Department of Revenue from said Sunflower Natural Gasoline Company, Sunflower Gasoline Corporation and Sunflower Petroleum Products Corporation are the property of the following named persons, the aggregate amount due each being given, and said Sunflower Petroleum Products Corporation files this claim on the basis of each and all of them.

| | |
|---|---|
| The Texas Company | $7,791.43 |
| Kingwood Oil Company | 605.49 |
| Tex Harvey | 55.46 |
| Swan-King | 8.39 |
| Ohio Oil Company | .07 |
| Fess & Miller | 1.34 |
| John Pugh | 23.94 |
| Shell Oil Company | 273.01 |
| H. H. Wegener | 104.55 |
| J. W. Menhall | 37.07 |
| C. F. Frazier | 23.37 |
| Glenwood Oil Co. | 2.73 |
| W. C. McBride | 26.82 |
| T. M. Pruett | 6.96 |
| W. O. Morgan | 17.21 |
| | $8,977.84 |

"19. Said Sunflower Petroleum Products Corporation files this claim on behalf of each of said persons, and prays that awards be made to each of said named individuals in the amount shown opposite each name."

Claimant then prays that the court will render awards in favor of the persons named in the amounts stated in paragraph 18.

The respondent has filed a motion to dismiss the complaint on the ground that it is substantially insufficient in law in the following particulars:

"1. A cause of action is not stated upon which the State would be liable if it were suable at law or in equity.

"2. The claim presented is barred for the reason that the claimant had an adequate remedy in the courts of general jurisdiction, as provided in Chapter 127, Paragraph 172, Illinois Revised Statutes 1943.

"3. This claim is made for refund of a tax voluntarily paid with a full knowledge of all the facts, and such a payment may not be recovered in the absence of a statute to the contrary, although the tax is illegal or unconstitutional."

In support of its motion, the respondent contends that claimant has alleged the payment of a tax under a statute subsequently held to be unconstitutional, but has not alleged the existence of any law giving claimant the right to a refund of the amounts paid under the unconstitutional statute; that unless claimant brings itself within the provisions of a law giving it the right to a refund, the claim must be dismissed; that claimant failed to avail itself of the statutory remedy by which it could have secured a refund in courts of general jurisdiction of the taxes paid under the unconstitutional statute; that a claimant who has a remedy in courts of general jurisdiction may not maintain an action in this court; and that a refund of a tax paid voluntarily, with a full knowledge of all the facts, may not be made in the absence of an authorizing statute, although the tax is found to be illegal or unconstitutional.

The claimant concedes that respondent's motion would be properly directed to the complaint, and that the arguments in support of the motion would correctly state the law, if the claimant were a taxpayer attempting to secure an award for taxes paid under a statute subsequently held to be unconstitutional. But claimant contends it was not such a taxpayer; that, as agent of the State, it collected a tax which it was required to collect by statute and department regulations; that it paid the tax to its principal; and that the tax has now been found

to be illegal. Claimant then contends it is contractually liable to those persons from whom it collected the tax, and therefore should be indemnified.

Under the provisions of the Oil Production Tax Act, claimant was clearly not a taxpayer, but an agent of the State to collect the tax. Claimant does not appear in this suit as a taxpayer seeking a refund of taxes paid either under a mistake of law or of fact nor as a taxpayer seeking a refund of taxes illegally paid. There was no provision in the Act imposing any of the burden of the tax on the ''receiver,'' and the ''receiver'' was merely the agent of the State to collect the tax. As such, claimant had no adequate remedy in courts of general jurisdiction.

On the other hand, there is nothing in the complaint, except the conclusion of the pleader, that the claimant is liable to the taxpayers for the collection of the illegal tax. Whether or not such liability actually exists is a matter to be determined by courts of general jurisdiction, if the claimant is sued. It must there be determined whether or not claimant has a defense, based, possibly, upon a statute of limitations, or possibly upon the failure of the taxpayers to avail themselves of remedies which they may have had in courts of general jurisdiction, or possibly upon other grounds of which claimant may well have special knowledge.

Claimant has not set up a cause of action; it has not alleged that any liability has been established in a court of competent jurisdiction on account of its collection of the illegal tax. The basis of the complaint is a conclusion that the claimant is liable to its vendors, upon its contracts for the purchase of casinghead gas, for the amounts withheld for the payment of the illegal tax, and that it must respond to them either for breach of con-

tract, or for conversion of their funds. Claimant has suffered no more damage now than at the time it collected the tax, and it admits that at that time it had no cause of action. At best, the claim is prematurely filed. The court will not take jurisdiction of matters pending or undetermined by courts of general jurisdiction. *Barrett* vs. *State*, 13 C. C. R. 13.

The cases arising under the Motor Fuel Tax Act, cited by both claimant and respondent, are not in point. In the case of *Silver Fleet Motor Express, Inc.* vs. *State*, 10 C. C. R. 396, the claimant, as tax collecting agent for the State, was actually out of pocket because of an error in the reports made to the State. The moneys it claimed were its own, owing to it because of a factual error, and were not tax moneys which it had illegally collected from others. The same is true of the case of *Mitchell and Hills* vs. *State*, 12 C. C. R. 317. In *Breen, Trustee,* vs. *State*, 12 C. C. R. 285, the claimant corporation erroneously failed to deduct the expenses of the tax collection, to which it was entitled under the Act. In each of these cases the claim was for moneys actually due the agent, not for moneys which the agent collected from taxpayers under an unconstitutional statute and for refund of which the agent might or might not be liable.

For the reasons stated, respondent's motion to dismiss is granted. Case dismissed.